FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 JUL 11  P 2: 35

CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

In The United States District Court
For The District of Maryland
Northern Division

Darren Brown
3314 Ellerslie Avenue                                *
Baltimore, Maryland  21213
(Baltimore City)                                     *   RDB 11 CV 1901

    Plaintiff                                     *

v.                                                   *   Civil Action No.

**Detective Edward Bailey, III**                     *
c/o Baltimore City Police Department, Legal Division
242 West 29th Street                                 *
Baltimore, Maryland  21211
                                                     *
    and
                                                     *
**Officer Paul Southard**
c/o Baltimore City Police Department, Legal Division *
242 West 29th Street
Baltimore, Maryland  21211                           *

    and                                             *

**Officer Julian Min**                               *
c/o Baltimore City Police Department, Legal Division
242 West 29th Street                                 *
Baltimore, Maryland  21211
                                                     *
    and
                                                     *
**Officer Felipe Carrasquillo**
c/o Baltimore City Police Department, Legal Division *
242 West 29th Street
Baltimore, Maryland  21211                           *
                                                     *
    and

|  |  |
|---|---|
| **Baltimore City Police Department**<br>601 East Fayette Street<br>Baltimore, Maryland  21202 | \* |
| **Serve On: Commissioner**<br>Frederick H. Bealefeld, III<br>c/o Baltimore City Police Department<br>242 West 29th Street<br>Baltimore, Maryland  21211 | \* |
| and | \* |
| Mayor & City Council of Baltimore<br>100 North Holliday Street<br>Baltimore, Maryland 21202 | \* |
| <u>Serve On: City Solicitor</u><br>George Nilson, Esquire<br>100 North Holliday Street<br>Baltimore, Maryland  21202 | \* |
| Defendants | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiff, Darren Brown, by his attorneys, Lon C. Engel and Engel & Engel, P.A., sues the Defendants, Detective Edward Bailey, III, Officer Paul Southard, Officer Julian Min, Officer Felipe Carrasquillo, the Baltimore City Police Department, and the Mayor & City Council of Baltimore for damages. As set forth herein, this case involves the arrest and detention, without probable cause, of Plaintiff, Darren Brown, in violation of Plaintiff's civil rights. In support of the cause of action, Plaintiff states:

## JURISDICTION

-2-

1. Federal jurisdiction in this matter is proper pursuant to 28 USC § 1331, as a federal question is at issue in this matter.

## VENUE

2. Venue is proper pursuant to 28 USC § 1391(b) because the events or omissions giving rise to Plaintiff's cause of action arose in Baltimore City. The District of Maryland is the judicial district where the cause of action arose.

## PARTIES

3. At all times during this matter, Plaintiff Darren Brown was a resident of Baltimore City.

4. Detective Edward Bailey was a sworn police officer with Baltimore City in 2008 and 2009.

5. Officer Paul Southard was a sworn police officer with Baltimore City in 2008 and 2009.

6. Officer Julian Min was a sworn police officer with Baltimore City in 2008 and 2009.

7. Officer Carrasquillo was a sworn police officer with Baltimore city in 2008 and 2009.

## FACTS COMMON TO ALL COUNTS

8. On or about the night of August 5, 2008 or the early morning of August 6, 2008, a shooting occurred at the Chinese Cuisine carry-out restaurant in the 2700 block of Harford Road in Baltimore City. The two assailants fled the scene of the shooting.

9. The Baltimore City Police Department responded to the scene of the attack. The initial

report was taken by Officer Carrasuillo, while Detective Bailey became the investigating officer.

10. The victim of the shooting, Mr. Marvin Edmonds, stated that he was approached by an unknown black male suspect wearing a white T-shirt, dark pants and a blue bandana across the lower part of his face (hereinafter "Suspect # 1). Mr. Edmonds reported that a second black male suspect, 5' 8"-9" and 140-160 pounds, (hereinafter "Suspect # 2"), wearing a blue shirt, with a blue bandana around the lower part of his face, also approached him. Mr. Edmonds further stated that Suspect #2 fired a handgun at him, striking him in the knee.

11. Mr. Edmonds did not recognize either of his attackers.

12. Some time on August 6, 2008, Det. Bailey obtained a surveillance tape from the carry-out, which he showed to Officers Min and Southard, who, on information and belief, routinely patrolled the area where the crime had occurred. Both officers identified Suspect #1 as David Jefferson, but neither identified Suspect # 2 at that time.

13. On information and belief, later that morning, two neighborhood men, who were not present at the crime, were transported to the police district and shown the surveillance tape. One man, Donte Moore, recognized Suspect # 1 as David (last name unknown), but could not identify Suspect # 2. The other man, Andre Rucker, stated that Suspect # 2 was nicknamed "Mookie", and "hangs in the 2700 block of The Alameda."

14. Officer Min prepared a statement, dated August 6, 2008, to Major Delmar Dickson, in which he stated that he recognized Suspect # 1 in the surveillance tape as David Jefferson, but was not able to identify Suspect #2.

15. On information and belief, Officer Southard prepared a statement, dated August 6, 2008, to Major Dickson, after the witness Rucker stated that Suspect # 2 was known as "Mookie."

In this statement, entitled "Possible Shooting Suspect," Southard stated that he "believes the Suspects to be David Jefferson 2723 Tivoly Avenue, and Darren Brown AKA Mookie of various address, 1607 Chilton and 1536 Abbottston... I have had several encounters with both of these juveniles on a weekly basis and based on my viewing of the video I feel they both fit the suspects [sic] description to the best of my ability."

16. Plaintiff has never been known by the nickname "Mookie." On information and belief, Officers Carrasquillo, Min, and Southard made no attempt to investigate whether Plaintiff was known as "Mookie," to verify Officer Southard's incorrect statement that Plaintiff Brown was AKA Mookie, or to confirm with Mr. Rucker that Plaintiff, Darren Brown, was in fact the person he intended to identify as "Mookie."

17. Det. Bailey prepared a Statement of Probable Cause, in which he simply stated that "David Jefferson M/B/ With the DOB[____]/91 was identified by witnesses as suspect # 1 and Darren Brown M/B/ with the DOB[____]/91 was identified by witnesses as suspect # 2."

18. The Statement of Probable Cause was materially false and misleading, in that, *inter alia*, it:

(a) failed to specify that none of the "witnesses" referenced in the Statement were present at the crime, but had only viewed a surveillance video tape of the crime, after-the-fact, in which the suspects' faces were obscured by bandanas;

(b) failed to specify that one of the "witnesses" who purportedly identified Plaintiff Brown, Mr. Rucker, had identified Suspect # 2 only by the nickname "Mookie", and had not specifically identified Plaintiff Brown;

(c) failed to specify that Officer Min, who was very familiar with Plaintiff, was

-5-

unable to identify Suspect #2 on the videotape;

    (d) failed to specify that Officer Southard initially was not able to identify Suspect # 2 on the videotape;

    (e) failed to specify that there was no verification by any of the investigating officers that Plaintiff was ever known by the nickname "Mookie";

    (f) failed to specify that the investigating officers never confirmed that the witness Rucker had in fact intended to identify Plaintiff Brown as Suspect #2;

19. There was no other evidence connecting Plaintiff to the crime.

20. On information and belief, the warrant for Plaintiff Brown's arrest was obtained without the approval of a prosecutor, in violation of police department procedure.

21. On August 6, 2008, a Baltimore City Police Raid team executed a search and seizure warrant for the residence of David Jefferson. At that time, Jefferson admitted committing the crime.

22. On August 6, 2008, Baltimore City Police Officers Min and Southard arrested Plaintiff, who denied committing the crime.

23. At approximately 1:06 a.m. on August 7, 2008, Plaintiff was formally charged with attempted murder, assault, armed robbery and other charges. On information and belief, these charges were brought without the approval of a prosecutor.

24. On information and belief, Defendants Bailey, Southard, Min and Carrasquillo thereafter made no further attempts to investigate the crime, or to confirm that Plaintiff Brown was known as "Mookie," or that he was the person Mr. Rucker had intended to identify as Suspect # 2.

25. In December, 2008, the mother of Suspect # 1, David Jefferson, contacted Plaintiff's defense attorney, Lewyn Scott Garrett, and informed him that Suspect # 2 in the videotape was not Darren Brown, but in fact her nephew, Kevin Johnson, Jr., David Jefferson's cousin.

26. Plaintiff's attorney orally conveyed this exculpatory information regarding the proper identity of Suspect #2 to the State's Attorney's Office on December 4, 2008. Mr. Garrett was told by the Assistant State's Attorney that the information was provided to the Baltimore City Police Department. Mr. Garrett conveyed this exculpatory information again, by letter dated December 19, 2008, to Assistant State's Attorney Bethany Durand.

27. Notwithstanding that the Baltimore City Police had been informed of readily available evidence as to the correct identity of Suspect # 2, Defendants Bailey, Southard, Min and Carrasquillo failed to investigate same, even though this evidence negated the only other evidence connecting Plaintiff to the crime, Officer Southard's incorrect assertion that "that witnesses had identified Plaintiff as the suspect."

28. By failing to conduct any post-arrest investigation into the correct identity of Suspect # 2, Defendants Bailey, Southard, Min and Carrasquillo were willfully indifferent to Plaintiff Brown's constitutional rights.

29. It was not until spring, 2009, when a new Assistant State's Attorney, Kelly Madigan, was assigned the case against Plaintiff, that the State's Attorney's Office finally took action in response to the lack of probable cause for the arrest and detention of Plaintiff Brown. Ms. Madigan asked the Baltimore City Police Department to reopen its investigation of the crime, and to interview David Jefferson's mother, who identified Suspect #2 as her nephew, Kevin Johnson.

30. As a result of that investigation, on or about March 13, 2009, charges against Plaintiff

Brown were dismissed with an entry of a *non prosequi*.

31. On April 30, 2009, charges were filed against Kevin Johnson as Suspect #2 in the August 6, 2008 crime, and he was subsequently convicted. On information and belief, Kevin Johnson was known at the time of his crime by the nickname "Mookie."

32. At all times relating to the above action, Defendants Min, Southard, and Carrasquillo were acting as agents, servants and/or employees of the Baltimore City Police Department, under color of state law.

## COUNT I
### VIOLATION OF CIVIL RIGHTS - DETECTIVE BAILEY AND OFFICERS SOUTHARD, MIN, AND CARRASQUILLO
(Lack of Probable Cause)

33. Plaintiff incorporates paragraphs 1 through 32 as if restated herein.

34. At the time that he was arrested and detained on August 6, 2008, Plaintiff had the constitutional right, pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution to be free from arrest and detention without probable cause. This right was a clearly established right at the time Plaintiff was arrested and detained.

35. A reasonably trained police officer would have known that the evidence offered in the Statement of Probable cause relative to Plaintiff, Darren Brown, was insufficient to prove probable cause, had the judicial officer known all the facts of the case.

36. Defendants Bailey, Southard, Min and Carrasquillo acted with deliberate and/or reckless disregard for the truth by making material false statements in the warrant affidavit and investigative reports and/or by making material omissions in the warrant affidavit and investigative reports which would have negated probable cause.

37. Defendants wrongfully detained and continued to detain Plaintiff, without probable cause, from August 6, 2008 until March 13, 2008.

38. Defendants acted with deliberate and reckless disregard of Plaintiff's innocence by failing to conduct a reasonable investigation of the crime prior to obtaining the arrest warrant for Plaintiff, and by failing to pursue readily available exculpatory evidence which verified the lack of probable cause for Plaintiff's arrest.

39. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff, Darren Brown, was wrongfully incarcerated for a period of over seven months, from August 6, 2008 until March 13, 2009, without probable cause for his arrest.

40. During his period of wrongful incarceration, Plaintiff was deprived of his rights and privileges secured by the United States Constitution, including but not limited to rights and privileges arising from the Fourth Amendment and the Fourteenth Amendment.

41. Defendants violated Plaintiff's civil and Constitutional rights under 42 U.S.C. §1983.

42. As a result of Defendants' wrongful conduct, Plaintiff Brown sustained other economic and non-economic damages.

**WHEREFORE**, Plaintiff Darren Brown demands judgment against Defendants Bailey, Southard, Min and Carrasquillo, jointly and severally, in the amount of _____, plus costs, interest and reasonable attorney's fees.

### COUNT II

## VIOLATION OF CIVIL RIGHTS

## BALTIMORE CITY POLICE DEPARTMENT

(Lack of Probable Cause)

43. Plaintiff incorporates paragraphs 1 through 42 as if restated herein.

44. At the time that he was arrested and detained on August 6, 2008, Plaintiff had the constitutional right, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution to be free from arrest without probable cause. This right was a clearly established right at the time that Plaintiff was arrested.

45. On August 6, 2008, while acting under color of state law, Detective Bailey and Officers Southard, Min and Carrasquillo knowingly deprived Plaintiff of his Fourth Amendment right to be free from arrest without probable cause.

46. Detective Bailey and Officers' Southard, Min and Carrasquillo's actions were the result of the Baltimore City Police Department's custom, policy and practice of failing to properly hire, train, and supervise its police officers regarding the establishment of probable cause prior to bringing charges, including but not limited to the requirement that a prosecutor review and approve charges involving the use of firearms and/or attempted murder prior to the issuance of a warrant, and the Baltimore City Police Department's deliberate indifference to, and failure to take action to stop, the widespread and on-going practice of Baltimore City police officers arresting individuals without probable cause.

47. As a result of the aforementioned custom, policy and practice by the Baltimore City Police Department, Plaintiff was wrongfully arrested and detained for a period in excess of seven months.

48. During his period of wrongful arrest and detention without probable cause, Plaintiff was deprived of his rights and privileges secured by the United States Constitution, including but not limited to rights and privileges arising from the Fourth Amendment and the Fourteenth Amendment.

49. As a result of the wrongful conduct by the Baltimore City Police Department, Plaintiff Brown sustained other economic and non-economic damages.

**WHEREFORE**, Plaintiff Darren Brown demands judgment against the Defendant, the Baltimore City Police Department, in the amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus costs, interest and reasonable attorney's fees.

## COUNT III

## VIOLATION OF CIVIL RIGHTS

### MAYOR AND CITY COUNCIL OF BALTIMORE CITY

(Lack of Probable Cause)

50. Plaintiff incorporates paragraphs 1 through 49 as if restated herein.

51. At the time that he was arrested and detained on August 6, 2008, Plaintiff had the constitutional right, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution to be free from arrest without probable cause. This right was a clearly established right at the time that Plaintiff was arrested.

52. On August 6, 2008, while acting under color of state law, Detective Bailey and Officers Southard, Min and Carrasquillo knowingly deprived Plaintiff of his Fourth Amendment right to be free from arrest without probable cause.

53. Detective Bailey and Officers' Southard, Min and Carrasquillo's actions were the

result of Baltimore City's custom, policy and practice of failing to properly hire, train, and supervise its police officers regarding the establishment of probable cause prior to bringing charges, including but not limited to the requirement that a prosecutor review and approve charges involving the use of firearms and/or attempted murder prior to the issuance of a warrant, and the Baltimore City's deliberate indifference to, and failure to take action to stop, the widespread and on-going practice of Baltimore City police officers arresting individuals without probable cause.

54. As a result of the aforementioned custom, policy and practice by Baltimore City, Plaintiff was wrongfully arrested and detained for a period in excess of seven months.

55. During his period of wrongful arrest and detention without probable cause, Plaintiff was deprived of his rights and privileges secured by the United States Constitution, including but not limited to rights and privileges arising from the Fourth Amendment and the Fourteenth Amendment.

56. As a result of the wrongful conduct by the Baltimore City, Plaintiff Brown sustained other economic and non-economic damages.

**WHEREFORE**, Plaintiff Darren Brown demands judgment against the Defendant, the Mayor and City Council of Baltimore City, in the amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus costs, interest and reasonable attorney's fees.

**ENGEL & ENGEL, P.A.**


\s\
Lon C. Engel #02470
11 East Lexington Street, Suite 200
Baltimore, Maryland 21202
(410)727-5095
(410) 727-1422(fax)
lengel@engellaw.com

Attorney for Plaintiff