**In The United States District Court**
**For The District of Maryland**
**Northern Division**

| | | |
|---|---|---|
| DARREN BROWN | * | |
|    Plaintiff | * | Civil Action No. |
| vs. | * | 11-CV-1901   RDB |
| DETECTIVE EDWARD BAILEY, III, et al. | * | |
|    Defendants | * | |

* * * * * * * * * * * * * *

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS BY BALTIMORE POLICE DEPARTMENT

### Introduction

On November 23, 2011, Plaintiff filed an Amended Complaint, alleging that he was arrested, without probable cause, on charges of attempted murder, and held in detention for a period in excess of seven months before the charges against him were dismissed with an entry of a *non prosequi*.  In Count II, Plaintiff asserts claims against the Baltimore Police Department (hereinafter "Police Department") under 42 U.S.C. § 1983 for violations of federal law by its police officers pursuant to Police Department custom and policy.   On December 9, 2011, Defendant Police Department filed a motion to dismiss Count II of Plaintiff's Complaint against it, for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

In Count II of the Amended Complaint, Plaintiff alleges that his arrest and extended detention were the result of the Baltimore Police Department's custom, policy and practice of failing to properly train and supervise its police officers regarding the establishment of probable

cause prior to bringing charges (Amended Complaint ¶ 48). Plaintiff alleges that the Police Department had a pattern, practice and policy which encouraged the bringing of charges without probable cause (Amended Complaint ¶ ¶ 49, 50), which failed to establish accountability for a finding of lack of probable cause (Amended Complaint ¶ ¶ 49, 50), and which failed to comply with a policy to seek the review and approval by an assistant state's attorney of charges of attempt murder prior to bringing charges (Amended Complaint ¶ 51).

The Defendant, Baltimore Police Department, asserts that it is entitled to a dismissal of Plaintiff's claims against it because (1) the Amended Complaint has insufficient factual allegations to demonstrate Monell liability; (2) Plaintiff has only alleged one incident as a basis for Monell liability, and (3) there is no constitutional requirement that a prosecutor review charges involving firearms or attempted murder prior to the issuance of a warrant.

## ARGUMENT

### I. Plaintiff Has Alleged Specific Facts Sufficient To State A Monell Claim Against the Baltimore Police Department

A municipality may be liable under 42 U.S.C. § 1983 if it causes a constitutional deprivation through an official policy or custom. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-91, 56 L.Ed.2d 611, 98 S. Ct. 2018 (1978). Municipal policy may be found in written ordinances and regulations, 436 U.S. at 690, in affirmative decisions of policymaking officials, or in certain omissions on the part of policymaking officials that evidence deliberate indifference to the rights of citizens, City of Canton v. Harris, 489 U.S. 378, 388-89, 103 L.Ed.2d 452, 106 S.Ct. 1292 (1989). Alternatively, a custom may arise if a practice is so "persistent and

widespread" and "so permanent and well settled as to constitute a 'custom or usage' with the force of law." Monell, 436 U.S. at 691 (internal quotation marks omitted).  Municipal liability will attach for policies or customs having a "specific deficiency or deficiencies...such as to make the specific violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run." Spell v. McDaniel, 824 F.2d 1380, 1389-91 (4th Cir. 1987).

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts, which if accepted as true, state a claim to relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct 1955, 167 L.Ed.2d 929 (2007). The factual allegations must "raise a right to relief above the speculative level." 550 U.S. at 555. Mere naked assertions of wrongdoing without "factual enhancement" will not suffice. 550 U.S. at 557. The determination of whether a complaint states on its face a plausible claim for relief, sufficient to survive a Rule 12(b)(6) motion, will be a context-specific task that requires the reviewing court "to draw on its judicial experience and common sense." Brown v. Tashamba, 2011 U.S. Dist. LEXIS 77513 at * 10, quoting Ashcroft v. Iqbal, 129 S. Ct. 19, 37, 173 L.Ed.2d 868 (2009).

When a defendant moves to dismiss a civil rights claim, a court "must be especially solicitous of the wrongs alleged" and "must not dismiss the claim unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged*." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (quoting Harrison v. U.S. Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988))(emphasis in original).  See also, Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006).

In the instant case, Plaintiff does not base his claims against the Defendant, Baltimore Police Department, on the basis of *respondeat superior,* or on the allegation of the single incident

of his improper arrest, or the single deficiency of failure to consult an assistant state's attorney prior to filing charges. Rather, Plaintiff has alleged that the actions of Officers Bailey, Southard, Min, and Carrasquillo were the result of the Baltimore Police Department's cumulative custom, policy and practice of failing to properly hire, train and supervise its police officers, through which it encouraged and rewarded officers for arrests regardless of whether probable cause was found to exist, without any evaluation of whether dropped charges lacked probable cause, and without any accountability for arrests without probable cause. The failure to seek review by an assistant state's attorney was an additional deficiency which contributed to the risk of the exact type of injury suffered by Plaintiff.

Plaintiff specifically alleges that the Police Department had a performance evaluation system which evaluated officers on the basis of the number of arrests made, and which encouraged tactics designed to keep arrests high, without regard to whether the arrest resulted in successful prosecution or was grounded on probable cause; that the Police Department had no practice of reviewing arrests to determine if they resulted in successful prosecutions, and more particularly, had no practice of reviewing arrest reports in cases in which the charges were dropped to determine whether officers had sufficient probable cause for the arrest, and that these practices resulted in the arrest of numerous innocent people without probable cause. Plaintiff further alleges that the Police Department failed to enforce a policy which required a prosecutor to review and approve charges involving murder and/or attempted murder prior to the issuance of a warrant. Plaintiff contends that together, these specific deficiencies, if assumed to be true, plausibly support an allegation that arrests for murder and/or attempted murder without probable cause, such as occurred in the instant case, were almost bound to happen. The specified Police

Department custom, policy and practice in fact caused such arrests of innocent suspects without probable cause, including the arrest of the Plaintiff.

In Johnson v. Prince George's County, 2011 U.S. Dist. Md., Lexis 20343, this Court addressed a similar issue. Plaintiff asserted § 1983 claims of excessive force and false arrest against an individual officer, and a Monell claim against Prince George's County. The County moved to dismiss, under Rule 12(b)(6), or in the alternative, for summary judgment. The Court noted that the complaint, while "bare bones in form," was sufficient to survive a motion to dismiss, "as it identifies the wrongful policy as a failure to train, hire, supervise, and cease certain unlawful conduct by County Police officers." Id., at *32 and fn. 13. The Court denied summary judgment as premature, on the grounds that plaintiff had demonstrated a need to conduct discovery essential to oppose the motion for summary judgment by the County, and that such evidence was exclusively within the defendant's control. Id.

Defendant cites Carter v. Morris, 164 F.3d 215 (4th Cir. 1999)(involving § 1983 claims for unlawful arrest, excessive force, and unlawful search of home) for the proposition that generalized allegations of police misconduct are insufficient to show § 1983 Monell liability. However, the Carter court granted summary judgment to the City of Danville because the plaintiff was able to identify only one other uninvestigated complaint of unlawful conduct of the type she claimed, after extensive discovery, including a survey of two decades of police practice. The court found these facts insufficient to support a claim of deliberate indifference to the particularized violation by the city. In contrast, Plaintiff, Darren Brown, alleges specific deficiencies in the Baltimore Police Department's custom, practice and policies which he contends combined to create a high risk of the exact type of injury he suffered, and in fact

resulted in numerous arrests without probable cause.

Defendant argues that Plaintiff's factual allegations are naked and consist of bald legal conclusions of the type rejected by Twombly, 500 U.S. 544, 570 (which involved allegations that defendants engaged in a conspiracy, in violation of the Sherman Act). The Supreme Court determined that it was insufficient for the plaintiff to state simply that the defendants engaged in a "contract, combination or conspiracy" and that they agreed not to compete with one another, because this statement was merely a legal conclusion. 550 U.S. at 564-5. The only factual allegations supporting an alleged violation of the Act involved descriptions of parallel conduct, which could just as well be lawful, independent actions, and did not contain any facts describing an actual agreement among the defendants. Id., at 557, 564.

In the instant action, Plaintiff has alleged specific practices by the Baltimore Police Department which are directly causally related to specific injury he sustained. These factual allegations, accepted as true, state a claim to relief which is plausible on its face, satisfying the Twombly-Iqbal analysis, and therefore should survive a Rule 12(b)(6) motion to dismiss. The only way Plaintiff can be more specific as to the nature of the deficiencies and the breath of impact of same is to be allowed discovery of information exclusively in the control of the defendants.

## II. Plaintiff Should Be Allowed Discovery Of Evidence Exclusively Within Defendant's Custody and Control

As set forth above, Plaintiff has satisfied the Twombly plausibility standard, by identifying specific wrongful custom and practices of the Police Department which were directly causally related to his specific injury. However, most of the evidence which Plaintiff requires to

confirm and verify the practices, customs and policies of the Police Department, which made his arrest for attempted murder without probable cause almost bound to have happened, is exclusively within the Defendant's custody and control. Plaintiff requires records depositions, and the depositions of individuals, which will verify the unconstitutional pattern and practices, within the Police Department and the Baltimore City State's Attorney's office, which encouraged, and resulted in numerous arrests without probable cause. Accordingly, Plaintiff requests that this Court, deny, or in the alternative, withhold ruling on the Police Department's Motion To Dismiss, and direct that discovery be permitted by Plaintiff into the following areas: production of policies, practices, procedures, training records and general orders, in place at the time of the occurrence, relating to murder/attempted murder investigations and the charging procedures relative to same; policies, practices, procedures, training records, and general orders, in place at the time of the occurrence, relating to the identification of such suspects and verification of same; policies, practices, procedures and general orders relating to any officer performance evaluation system(s) in place for two years prior and one year after the occurrence; any and all reports, studies, evaluations, or statistics maintained by the Police Department and the Baltimore City State's Attorney's office relative to the incidence of false arrests, inaccurate identification of suspects, improper incarcerations, conviction/acquittal/dismissal/stet statistics (relative to murder and attempted murder cases) for a period of two years and one year before the occurrence, the year of, and the year after, the occurrence, broken down between instances when Assistant State's Attorneys were utilized to review statements of probable cause and/or charging documents prior to charging and/or arrest of the suspect, and when an ASA was not so utilized; and records of sustained claims, complaints and lawsuits alleging arrest for murder/attempted

murder by the Police Department without probable cause for a period of five years before and two years after the occurrence.

Plaintiff should be allowed the opportunity to develop his factual allegations that Police Department policy and custom promoted arrests without probable cause, that there was a widespread and ongoing practice of arresting suspects for murder/attempted murder without probable cause, and that the Police Department's inaction and indifference to said practice was a direct cause of the violation of Plaintiff's constitutional rights by the Defendant officers.

As an indicator that such discovery is likely to produce admissible evidence, Plaintiff attaches as **Exhibit 1**, a Baltimore Sun article, dated April 29, 2009. In that article, Margaret T. Burns, spokesperson for the State's Attorney Patricia C. Jessamy, said that the office had opened an investigation into errors by police and prosecutors. Anthony Guglielmi, spokesperson for the Police Department, said that the Police Department was reviewing charging procedures.

**Conclusion**

For reasons stated above, Plaintiff respectfully requests that this Court deny the Baltimore Police Department's Motion To Dismiss under Rule 12(b)(6), or in the alternative, hold the motion *sub curia*, and direct that Plaintiff be allowed discovery into the Police Department policies and custom at issue in this action.

/s/
Lon C. Engel, #02470
11 East Lexington Street, Suite 200
Baltimore, Maryland 21202
Telephone: (410)727-5095
Facsimile: (410) 727-1422
Email: lengel@engellaw.com
*Attorney for Plaintiff*